IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

WANDA MCINTOSH                                                                                    PLAINTIFF

VS.                                          2:06CV00228 WRW

BLUEGREEN VACATIONS
UNLIMITED, INC.                                                                                    DEFENDANT

# ORDER

Pending is Plaintiff's Motion to Remand[1] to which Defendant has responded.[2]  Plaintiff argues that her claim does not meet the jurisdictional amount under 28 U.S.C. § 1332(a).[3]  Defendant counters that Plaintiff's claim is worth more than the amount claimed and that jurisdiction should, therefore, remain with this Court.

**I. Background**

Plaintiff brought breach of contract, fraud, and Arkansas Deceptive Trade Practice Act ("ADTPA") claims against a Florida Defendant.  Plaintiff alleges that she suffered actual damages in an amount of $17,697.56 and asks for damages for all three claims in an amount of $60,000.00, plus $10,000.00 for attorneys fees.[4]

---

[1] Doc. No. 5.

[2] Doc. No. 6.

[3] This section gives federal courts original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

[4] Doc. No. 2-2.

Defendant argues that Plaintiff is claiming $60,000.00 in damages for violation of the ADTPA, $17,697.56 for the breach of contract claim, and $10,000.00 for attorneys fees. Therefore, Defendant asserts that Plaintiff's damages meet the federal jurisdictional amount.

## II. Authority

The party seeking to invoke the jurisdiction of the federal courts has the burden of proving the existence of jurisdiction.[5] Therefore, when a case is removed, the burden is on the defendant, not the plaintiff.[6]

Plaintiff is in charge of her case and may bar removal by asking for a specific amount that is less than required for removal based on 28 U.S.C. § 1332(a). Under such circumstances, the case should be remanded unless the defendant can prove to a *legal certainty* that a plaintiff's claim exceeds $75,000.00.[7] In Arkansas, when a diversity action is brought in state court, a plaintiff is limited to $75,000.00, even though the jury award is greater.[8]

## III. Discussion

Defendant argues that removal is proper because the value of Plaintiff's case is greater than the amount claimed. Defendant also claims that Plaintiff is asking for $60,000.00 for her ADTPA claim and an additional sum for her breach of contract claim.

---

[5]*McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

[6]*Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).

[7]*Gilmer v. Walt Disney Co.*, 915 F. Supp. 1001 (W.D. Ark. 1996) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994) (emphasis added)).

[8]*Cox v. Vernon*, 94 Ark. App. 112 (2006) (citing to Ark. R. Civ. P. 8(a) and stating that it prevents a party from using unliquidated demands to avoid removal to federal court).

The burden of proof is on Defendant to show that federal courts have subject matter jurisdiction of this case. Defendant did not produce any evidence demonstrating that Plaintiff's case is more valuable than $70,000.00. But, even if Defendant carried its burden, this would not be dispositive.

Plaintiff has claimed a specific sum and she will be limited to that sum, no matter how much is awarded. So, Plaintiff's claim is worth no more than exactly what she states it is worth. Finally, Defendant's assertion that Plaintiff is claiming $60,000.00 for the ADTPA claim alone is incorrect. Plaintiff's complaint states that this sum is for all of her claims, including the breach of contract claim, and her fraud claim.[9]

Plaintiff's Motion to Remand is GRANTED.

IT IS SO ORDERED dated this 11th day of May, 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[9] Doc. No. 2-2 which states that "Plaintiff prays for judgment against Defendant for breach of contract, deceit and violations of the Arkansas Deceptive Trade Practices Act in an amount equal to $60,000.00 . . . and a reasonable attorney's fee in the amount of $10,000.00."